José Buxó, demandante y apelado, *v.* The Aetna Casualty & Surety Co., demandada y apelante.

No. 6180.—*Sometido:* Enero 18, 1935. *Resuelto:* Febrero 28, 1935.

*J. Valldejuli Rodríguez,* abogado de la apelante; *González Fagundo & González, Jr.,* abogados del apelado.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

José Buxó demandó a The Aetna Casualty & Surety Co., una corporación extranjera que hace negocios en Puerto Rico, en cobro de dos mil trescientos diez dólares. Excepcionó y contestó la demanda la demandada. Fué el pleito a juicio practicando ambas partes prueba y la corte lo decidió por sentencia favorable al demandante. De la opinión que emitiera para fundarla, transcribimos lo siguiente:

"La evidencia de ambas partes consistió en documental y testifical. De toda ella aparece probado, y la Corte así lo estima, que, efectivamente, a la fecha del accidente estaba en pleno vigor un contrato de seguro, con relación al vehículo mencionado en la demanda, entre el demandante y la demandada, por cuyo contrato la deman-

dada se obligó a pagar todos los gastos resultantes de reclamación al asegurado, así como todas las costas impuestas al mismo, juntamente con intereses, en cualquier procedimiento legal defendido por la compañía de acuerdo con los pactos y condiciones de la póliza; que el procedimiento entablado por Pedro García contra José Buxó fué puesto en conocimiento de la demandada oportunamente, habiendo dejado la demandada injustificadamente de asumir la defensa del asegurado en la expresada acción; que si José Buxó asumió la responsabilidad de su defensa, mediante sus abogados, lo hizo por la indefensión en que le dejó la demandada; que José Buxó no ha transigido en forma alguna la acción entablada en su contra por Pedro García, en la cual se defendió siguiendo el criterio de sus abogados de la manera que aparece en los autos; que éste satisfizo la sentencia dictada contra él, en su totalidad, al demandante en la expresada acción; y que la demandada no le ha reembolsado el importe de dicho pago.

"Entiende la Corte que no se trata de una acción solicitando el pago de indemnización por daños y perjuicios, sino de una encaminada a obtener el cumplimiento de un contrato de seguro entre ambas partes, por lo que se declara sin lugar la defensa de prescripción; entiende, además, que la demanda es suficiente para justificar la acción y por ello también declara sin lugar la defensa de falta de causa de acción; y tiene por no probada la tercera defensa especial al efecto de que el demandante en ningún momento cumplió con las condiciones estipuladas en el contrato de póliza antes referido, por lo que declara también sin lugar la tercera y cuarta defensas especiales aducidas por la demandada.

"En estas condiciones la Corte es de opinión que debe dictar sentencia condenando a la demandada a satisfacer al demandante la suma de dos mil trescientos diez dólares ($2,310.00), como importe de la sentencia dictada por esta Corte en la acción civil No. 11296, titulada Pedro García v. José Buxó Villafañe, más las costas totales en que haya incurrido el demandante en la acción de autos."

Aunque los hechos básicos del pleito surgen de lo que dejamos transcrito, para ser más claros los resumiremos como sigue:

José Buxó, el demandante, era el dueño de una guagua dedicada al negocio público de transportar pasajeros. Se aseguró con The Aetna Casualty & Surety Co., la demandada, contra los daños personales que pudieran causarse con

dicho vehículo. Vigente la póliza, el 17 de enero de 1926 la guagua arrolló a Pedro García fracturándole una pierna. Pedro García demandó el 19 de abril de 1926 a Buxó, reclamándole diez mil dólares, quedando el pleito resuelto en noviembre 2, 1927, por sentencia que condenó a Buxó al pago de dos mil dólares y las costas que fueron fijadas luego en trescientos diez dólares.

Sobre la certeza de esos hechos no hay cuestión, a nuestro juicio. Las únicas cuestiones que deben considerarse surgen sobre si el demandante cumplió o no con las condiciones estipuladas en la póliza y sobre si probó o no que hubiera pagado la sentencia. Ambas, como sabemos, fueron resueltas por la corte de distrito en contra de la demandada. ¿Actúo o no la corte con razón derecha? Contestar esa pregunta, en debida forma, será resolver el recurso y el litigio.

■■ Entre las condiciones de la póliza figura la siguiente:

"C.—En caso de accidente, se dará inmediato aviso del mismo a la compañía o a su agente autorizado. La notificación hecha por o en representación del asegurado a cualquier agente autorizado de la compañía dentro de los límites de Puerto Rico con los particulares suficientes para identificar al asegurado, será considerada como notificación a la compañía. La falta de dar el aviso que se requiere por esta póliza, dentro del tiempo especificado en ella no invalidará reclamación alguna que el asegurado hiciere, siempre que se demostrare que no fué razonablemente posible dar dicho aviso dentro del tiempo prescrito, pero que se dió tal aviso tan pronto como fué razonablemente posible. El asegurado trasmitirá a la compañía toda demanda, citación u otro procedimiento tan pronto como fuere recibido por él, y la compañía, a expensas propias, ajustará dicha reclamación, o defenderá el pleito. El asegurado cooperará con la compañía en todo tiempo para facilitar la resolución de reclamaciones y pleitos, pero no asumirá voluntariamente responsabilidad alguna ni incurrirá en gasto alguno o transigirá reclamación alguna excepto a expensas propias, sin el consentimiento por escrito de la compañía. En caso de lesión personal, el asegurado podrá proveer a expensas de la compañía la primera cura que sea indispensable en el momento del accidente."

Declarando el demandante en el juicio, como su propio testigo, se expresó, en resumen, así:

Se llama José Buxó Villafañe. Es el demandante. Reconoce la póliza. Cuando tuvo conocimiento del accidente, lo notificó en seguida a la compañía. No recuerda haber recibido carta de ellos porque todo lo hizo personalmente. La carta que le muestra su abogado la ve por vez primera. Insiste el abogado y contesta: ''Sí, tiene razón. Esta carta es de la compañía; sí, yo le hice tres visitas a esa gente y después ellos me escribieron esa carta. Nada más que la carta esa recibí.'' La carta es de abril 14, 1926, no fué admitida pero quedó en el récord y dice en lo pertinente:

''En el día de hoy nos han visitado el médico y el Alcalde de ese pueblo, en referencia al caso del accidente de su guagua, ocurrido en días pasados.—En interés suyo y de esta oficina procure sin falta traer al lesionado a San Juan, para ver de resolver el caso de conformidad con lo que usted nos indicó en su última visita.''

Pedro García, el lesionado, lo demandó. Lo emplazaron y mandó los papeles a la compañía, a su oficina de San Juan. Los llevó personalmente su hermano Santos. La compañía le contestó en mayo 13, 1926, como sigue:

''En el día de hoy (13 de mayo de 1926), nos ha presentado su señor hermano una demanda de Pedro Reyes (sic) contra usted por daños y perjuicios en relación con un accidente ocurrido el día 24 de enero de 1926. Esta demanda fué notificada a usted en abril 19, 1926, de manera que a la fecha de hoy tiene veinticuatro (24) días de emplazada habiendo transcurrido el término que la ley especifica para su contestación.—Es condición precisa de la póliza que el asegurado enviará a la compañía toda demanda, citación u otro procedimiento tan pronto como fuere recibido por él. Y es lógico que así sea, pues de otra manera sería imposible la defensa de cualquier acción que contra el asegurado se estableciera. En el caso presente, la demanda nos ha sido entregada 24 días después de habérsele hecho a usted el emplazamiento, es decir, cuando ya ha expirado el plazo para la contestación, antes de declararse la rebeldía. En tales circunstancias, naturalmente sentimos en extremo vernos en el caso de tener que declinar toda responsabilidad en relación con el caso de referencia.''

Entonces encomendó su defensa al Lic. González, de Humacao. La corte lo condenó a pagar una indemnización de dos mil pesos ''y yo la hice efectiva. Además las costas, trescientos diez pesos.'' La compañía no le ha reembolsado lo que pagó.

Al terminar el interrogatorio directo del demandante su abogado introdujo en evidencia una carta que le dirigiera la compañía en junio 14, 1926, y que dice:

''Lcdo. Francisco González Fagundo, Humacao, Puerto Rico.— Muy Sr. N/ y Amigo:—Tenemos a la vista su atenta del 11 del corriente en la que se refiere a la que con fecha mayo 13 dirigimos al Sr. Buxó en relación con cierta demanda presentada contra dicho señor por Pedro Reyes (sic)—En su carta nos dice usted que su cliente nos mandó los documentos relacionados con dicha demanda antes de expirar el término para la contestación de la misma. Si se fija usted en nuestra carta del 13 de mayo, ya referida, verá usted que el motivo de rehusar nosotros a hacernos cargo de la defensa de este asunto, es precisamente que la demanda o emplazamiento fueron traídos a esta oficina por un hermano del Sr. Buxó el día 13 de mayo, esto es, veinticuatro días después del emplazamiento cuando ya había expirado el plazo para la contestación, y en tales circunstancias no era razonable esperar que esta compañía asumiera responsabilidad alguna, cuando no se había cumplido por parte del asegurado con los requisitos de la póliza en casos de esta naturaleza.—Es condición de la póliza que el asegurado deberá enviar la demanda o emplazamiento a la Compañía inmediatamente que la recibe, y es lógico que así sea, pues naturalmente la compañía debe tener conocimiento de estos hechos inmediatamente, a fin de tener tiempo y oportunidad de preparar su defensa y redactar la contestación con tiempo para radicarla dentro del plazo que la ley prescribe.—Indudablemente el insistir usted en su carta en que los papeles nos fueron enviados antes de expirar el plazo para la contestación ha de deberse a que usted ha sido erróneamente informado acerca del particular.—Nosotros sentimos no poder acceder a sus deseos, pero en vista de lo expuesto, usted verá claramente la razón que nos asiste al tener que tomar esta determinación.—Somos de usted atentos amigos y ss. ss., (fdo.) D. R. Carrión,—Presidente.''

Repreguntado el demandante, contestó, en resumen:

No recuerda la fecha en que fué emplazado. Notificó a la

compañía tan pronto lo fué. A los dos o tres días. La sentencia "la pagué en moneda de los Estados Unidos." Dos mil pesos. No tenía dinero en el banco, pero tenía mis economías. En mi casa. Guardadas en un ropero. Tenía los dos mil pesos y unos centavos más." Lo único que pagó fueron dos mil pesos. "En diferentes monedas, supóngase que las economías que uno tiene guardadas en su casa son de diferentes clases de monedas. Venían del trabajo mío. Economizaba todos los días algo." No recuerda cuánto ni la fecha en que empezó a economizar. Tuvo cuenta en el Banco Colonial. Los dos mil dólares los tenía en efectivo. En el banco depositaba "las miasmas," lo gordo lo guardaba en el ropero. Le pagó a Pedro García. Éste no le dió recibo. Pagó en su casa. Nadie más que García estaba presente.

Repreguntado de nuevo si estando solo no exigió recibo, contestó: "Bueno, yo percibí un recibo, no sé dónde está, se me extravió, o se habrá destruído. Yo no sé quién lo escribió, ya la sentencia estaba dada, y yo le pagué."

El demandante fué llamado luego a declarar por la demandada y, en resumen, dijo que no notificó a la compañía el resultado del pleito. No le comunicó que iba a satisfacer la sentencia. Dejó el asunto de la apelación a su abogado. No recibió orden de ejecución. Tenía conocimiento de que la Corte le había sentenciado a pagar los dos mil pesos.

Declararon también en el pleito por el demandante su hermano Santos y su abogado. Sus declaraciones tienden a corroborar lo dicho por el demandante en cuanto a cómo se comunicó con la demandada a los efectos de ser defendido en el pleito que contra él siguiera García.

Analizada la prueba, no demuestra a nuestro juicio que el demandante cumpliera debidamente con lo estipulado en la póliza a los efectos de colocar en tiempo oportuno a la compañía en las mejores condiciones para encargarse de la defensa del pleito sobre daños y perjuicios.

■■ Esto, por sí solo, es bastante para revocar la sen-

tencia recurrida, pero hay más. La acción ejercitada lo fué sobre la base de haber pagado el demandante la sentencia dictada contra él en el dicho pleito de daños y perjuicios y después de un estudio cuidadoso de la evidencia aportada sobre ese extremo consistente únicamente en la declaración del demandante que dejamos resumida, hemos llegado a la conclusión de que tal evidencia no es bastante.

Aparte de que se condenó a la compañía al reintegro de un pago no hecho según la propia declaración del demandante, el de las costas, ya que la general afirmación que hizo al principio dicho demandante quedó destruída por otras que luego hiciera en el sentido de que sólo pagó los dos mil dólares de principal, consideramos inverosímil, contrario a la naturaleza humana y al curso corriente de las transacciones entre los hombres en los momentos actuales y en casos como éste, que el pago de la sentencia pudiera haberse hecho como dijo que lo hizo el demandante.

Sin comentarios, dejando hablar por sí mismo al demandante ante la corte, la primera impresión que se recibe es la de que no es cierto lo que está diciendo. Y esa impresión perdura y se convierte en la única conclusión a que puede llegarse después de un estudio concienzudo de lo dicho en relación con las otras circunstancias que en el caso concurren.

Ahorra el demandante día tras día en diferentes monedas dos mil pesos y unos centavos. No tiene más. En el banco sólo deposita las "miasmas". No sabemos exactamente lo que quiso decir al usar esa palabra, pero comparada con la apreciación de lo que guardaba en efectivo en su casa, "lo gordo," que eran dos mil dólares, puede inferirse que eran mínimos, flacos, los depósitos.

¿Y es posible siquiera pensar que un hombre en esas condiciones se desprenda de todos sus ahorros para pagar a un acreedor por sentencia la totalidad de ésta, a solas, sin la intervención de los abogados que habían dirigido a las partes en el litigio, ni de ninguna otra persona, sin recibo o con un

recibo que se aprecia tan poco que se destruye o se pierde, cuando aún no se ha librado contra él ejecución, cuando el importe de la sentencia sólo lo conoce por referencias, cuando existe una póliza que obliga a una compañía a pagar por él y sin enterarse siquiera de si su abogado había establecido o no recurso de apelación? No es posible, a nuestro juicio.

Las fechas juegan también un papel importante. Recuérdese que la sentencia que se dice satisfecha se dictó en noviembre 22, 1927, y que esta demanda de reintegro no se establece hasta cerca de tres años después.

Y la circunstancia de no haberse llevado a declarar a la persona a quien se dice que se hizo a solas el pago cuando no se conserva ni siquiera de ella un recibo, es más que significativa.

*Debe declararse el recurso con lugar, revocarse la sentencia apelada y dictarse otra desestimando la demanda, con costas.*