■ HARTFORD ACCIDENT AND INDEMNITY Co., Respondent, v PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, Appellant, et al., Defendants.—In an action, *inter alia,* for a judgment declaring the rights of the insurance company parties under certain policies of insurance issued by them, defendant Pennsylvania National Mutual Casualty Insurance Company appeals from a judgment of the Supreme Court, Kings County, dated June 4, 1979, which, after a nonjury trial, *inter alia,* (1) declared that it was the primary insurance carrier and that plaintiff was the excess carrier with respect to a judgment previously obtained by defendants Elliott, and (2) granted judgment in favor of plaintiff in the amount of $100,000, plus interest, costs and disbursements. Judgment affirmed, with costs. In 1972 defendant Robert Elliott was injured in an accident involving a vehicle owned by one Ronald E. Gorr, and leased by Gorr to the Maggiolo Corporation (Maggiolo). At the time of the accident, the vehicle was being operated by one of Maggiolo's employees. Gorr was insured by defendant-appellant, Pennsylvania National Mutual Casualty Insurance Company (Pennsylvania), to a limit of $100,000. Maggiolo was insured by plaintiff-respondent, Hartford Accident and Indemnity Co. (Hartford), to a limit of $500,000. Subsequently, Robert Elliott and his wife, defendant Shirley Elliott, brought suit against Gorr and Maggiolo in United States District Court. Hartford defended the action on behalf of its named insured, Maggiolo. Pennsylvania defended the suit on behalf of its named insured Gorr. Both Maggiolo and Gorr interposed cross claims for full indemnification. The jury returned a verdict in favor of the Elliotts and against both Maggiolo and Gorr in the amount of $378,000. Gorr's cross claim against Maggiolo was granted in full. Eventually, the judgment was affirmed by the United States Court of Appeals for the Second Circuit *(Elliott v Maggiolo Corp.,* 525 F2d 439). Thereafter, Hartford made demand upon Pennsylvania to pay the first $100,000 of the judgment upon the ground that Pennsylvania was, by law, the primary insurance carrier with respect thereto. Pennsylvania refused to make any payment. Hartford then paid the entire amount of the judgment and commenced the instant action seeking a judgment declaring the relative responsibilities of the two companies under their respective policies of insurance, and reimbursement of the first $100,000 of the Elliott judgment. After a nonjury trial, the court, agreeing with Hartford, held that Pennsylvania was the primary carrier and Hartford the excess carrier with respect to the Elliott judgment, and awarded Hartford judgment in the amount of $100,000, together with interest, costs and disbursements. On appeal, Pennsylvania does not dispute that, under the circumstances of this case, it is indeed the primary insurance carrier and Hartford the excess insurance carrier with respect to the Elliott judgment. Rather, Pennsylvania argues, primarily, that it should be relieved of any financial responsibility in this matter because Hartford and its named insured, Maggiolo, failed to comply with certain provisions of the policy issued by Pennsylvania to Gorr, under which Hartford now seeks recovery. The first of these provisions states: "If claim is made or suit is brought against the Insured, the Insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative." Pennsylvania asserts that neither Hartford nor Maggiolo tendered to it a copy of the summons

and complaint served on Maggiolo in the District Court action. Assuming, *arguendo,* that Maggiolo, who is covered under the Pennsylvania policy pursuant to statute (see Vehicle and Traffic Law, § 345, subd [b], par [2]), was required to follow the precise terms of that policy, an issue we do not decide, we are satisfied that this failure to so comply does not relieve Pennsylvania of its responsibility as primary insurance carrier. As noted previously, Gorr, Pennsylvania's named insured, was a codefendant in the Elliotts' suit in Federal court. Trial Term found, and Pennsylvania does not now dispute, that the complaint in that action contained allegations against both Maggiolo and Gorr, and that Maggiolo and Gorr were each served with a copy of the same complaint. In addition, Pennsylvania's chosen counsel was present throughout the trial, conducting its defense of Gorr. Plainly, then, Pennsylvania was well aware of the allegations against Maggiolo. We do not believe that the failure of Maggiolo or its insurance carrier, Hartford, to serve upon Pennsylvania a copy of a summons and complaint it already had, in an action in which it was fully involved, can serve to release it from its primary responsibility with respect to the award of damages against Maggiolo. The second policy provision relied upon by Pennsylvania states that "the company shall have the right and duty to defend any suit against the insured seeking damages". Pennsylvania cites the fact that Hartford failed to tender Maggiolo's defense to it, but rather conducted the defense itself, as a breach of this provision such as to preclude Hartford from any recovery here. Again, we do not agree. Pennsylvania knew, or should have known, from the outset of the District Court action, that it was the primary insurance carrier with respect to the Elliotts' claim, regardless of which of the defendants therein was eventually found liable and, therefore, that it had an interest in Maggiolo's defense as well as Gorr's. Nonetheless, while Pennsylvania retained counsel for Gorr, it took no action with respect to Maggiolo, apparently content to allow Hartford to conduct Maggiolo's defense. Consequently, we concur with Trial Term's conclusion that Pennsylvania acquiesced in Hartford's defense of Maggiolo, and cannot now seek to interpose that defense as a bar to Hartford's recovery. We note parenthetically that Hartford's interest in providing Maggiolo with the best possible defense was as great as, if not greater than, Pennsylvania's interest, simply because Hartford's potential liability in this matter was five times greater than Pennsylvania's. We have considered Pennsylvania's remaining argument, and find it to be without merit. Damiani, J. P., Titone, Margett and Martuscello, JJ., concur.