MUNICIPALITY OF SAN JUAN, demandante, *v.* GREAT AMERICAN INSURANCE COMPANY, demandada.

*Número:* CE-86-31 *Resuelto:* 30 de junio de 1986

*Lowrence E. Duffy,* abogado del apelante.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

## I

El 27 de abril de 1973, mientras participaba en un evento ecuestre, John Hawes fue pisoteado por un caballo en el estadio Hiram Bithorn de San Juan. En el mes de junio envió al alcalde de San Juan carta certificada donde notificaba al municipio el accidente y de la inminente reclamación.[1] El 3 de

---

[1] En cumplimiento de lo dispuesto en el Art. 96, Ley Municipal de 1960, equivalente al Art. 11.03 de la ley actual, 21 L.P.R.A. sec. 3403.

julio el municipio comunicó a su aseguradora Great American Insurance Company la reclamación y le solicitó que asumiera su representación legal en el caso. Great American no actuó sobre esta petición. Por consiguiente, el municipio se proveyó de los servicios de un bufete privado de abogados.

Hawes demandó al municipio el 17 de abril de 1974 en la Corte de Distrito federal para el Distrito de Puerto Rico. El municipio hizo llegar a sus abogados todos los documentos relacionados con el litigio, pero no a la aseguradora según exigía la póliza. (²)

Aproximadamente tres años después Great American recibió los documentos relativos al litigio en ocasión del municipio incluirla como tercera demandada. Sin embargo, esta no era la primera vez que Great American sabía del pleito de Hawes contra el municipio. Aparentemente la *aseguradora tenía conocimiento pues representaba en el mismo a otro codemandado.* El 24 de febrero de 1981 Great American accedió a proveer representación legal al Municipio de San Juan y cu-

---

(²) En lo pertinente, disponía:

"4. INSURED'S DUTIES IN THE EVENT OF OCCURRENCE, CLAIM OR SUIT

"(a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and or available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable . . . .

"(b) *If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.*

"(c) The insured shall cooperate with the company . . . .

"5. ACTION AGAINST COMPANY

"No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company." (Énfasis nuestro.)

bierta. Empero, se negó a reembolsarle los honorarios de abogado incurridos entre los años 1973 y 1981.

La Corte de Distrito federal denegó el reembolso. Se fundó en que el municipio no había cumplido con la condición de suministrar los documentos relacionados con el litigio a Great American. Esta decisión fue apelada y está pendiente ante la Corte de Apelaciones para el Primer Circuito.

Mediante certificación de dicho foro, atendemos las siguientes interrogantes:

(1) ¿Es necesario que un asegurador demuestre que ha sufrido perjuicio para que pueda ser relevado de su deber contractual de representar legalmente a su asegurado cuando este último ha incumplido la condición preexistente que requiere que el asegurador sea emplazado con prontitud?

(2) Si la contestación es en la afirmativa, ¿precluye que se determine que el asegurador sufrió perjuicio, el hecho de que éste sepa que se ha presentado una demanda contra el asegurado?

(3) Suponiendo que el asegurador ha incumplido su deber contractual de representar legalmente al asegurado, ¿es un remedio apropiado reembolsar los honorarios de abogado pagados por el asegurado?

(4) Si lo es, ¿depende el reembolso de la negativa del asegurador a defender legalmente a su asegurado?

(5) Si esto es así, ¿constituye la conducta del asegurador de no notificar prontamente al asegurado de su disponibilidad para representarlo, una negativa a hacerlo? (Traducción nuestra.)

## II

En el campo de los seguros hemos resuelto que su normativa especial emana del Código de Seguros, Ley Núm. 77 de 19 de junio de 1957 (26 L.P.R.A. sec. 101 *et seq.*), en tanto que el Código Civil le sirve como derecho supletorio.[3] *Se-*

---

[3] La Ley Núm. 77, antes citada, derogó los artículos del Código de Comercio que regulaban este contrato.

*rrano Ramírez* v. *Clínica Perea, Inc.*, 108 D.P.R. 477, 481–482 (1979). En vista a este hecho la praxis de este Tribunal ha consistido en utilizar las normas más avanzadas del derecho angloamericano y del derecho civil. *Cf. Serrano Ramírez* v. *Clínica Perea, Inc.*, supra, págs. 486–487. Pero debemos destacar que nuestra normativa sobre seguros tiene afluentes de diversos sistemas de derecho. *Casanova* v. *P.R.-Amer. Ins. Co.*, 106 D.P.R. 689, 693 (1978). En ocasiones apropiadas conviene ir a ellos en busca de orientación. Con estos señalamientos en mente, concentremos en la cuestión certificada.

■ Es doctrina jurisprudencial en Puerto Rico que el incumplimiento por el asegurado de una condición en la póliza que requiera cooperación con el asegurador, en ausencia de perjuicio, no libera de responsabilidad al asegurador. *Cuebas Fernández* v. *P.R. American Ins. Co.*, 85 D.P.R. 626 (1962); *Valle* v. *Sucn. Wiscovitch*, 88 D.P.R. 86 (1963); *Lafontaine* v. *Municipio*, 79 D.P.R. 583 (1956); *Landol* v. *Colón*, 78 D.P.R. 602 (1955); *Faulkner* v. *Nieves*, 76 D.P.R. 434 (1954). A igual conclusión hemos arribado con relación al deber de representar al asegurado ante los tribunales cuando éste no ha cumplido su deber de notificar con prontitud. *Molina* v. *Ruiz*, 113 D.P.R. 287 (1982).

No obstante, no nos habíamos enfrentado a la situación peculiar planteada en esta certificación. Como correctamente señala la Corte de Apelaciones, todas nuestras decisiones versan sobre *cubierta* y no el deber de representación en litigios. Nuestros pronunciamientos hasta ahora han establecido que para eludir su responsabilidad bajo la cubierta de una póliza, el asegurador debe mostrar perjuicio. Great American sin embargo, no está negando cubierta, ni se ha negado a representar al municipio después de 1981. Sólo se niega a reembolsarle a este último los honorarios de abogado incurridos durante el tiempo que se vio precisado a buscar los servicios de un bufete privado. Las cuestiones certificadas son procedentes.

## III

■ La obligación de suministrar los documentos del litigio al asegurador es un deber intermedio entre dar notificación y cooperar. 8 *Appleman, Insurance Law and Practice,* Sec. 4740, pág. 112 (1981). Existe una equivalencia conceptual y espiritual entre ambos deberes que reclaman un mismo enfoque judicial. Por tal razón, en buena lógica resolvemos que su incumplimiento por el asegurado debe causar perjuicio al asegurador para que éste quede relevado de su deber de representarlo. Véanse: *Frank* v. *Nash,* 71 A.2d 835 (1950); *Miller* v. *Marcantel,* 221 So. 2d 557 (La. 1969); *Western Chain Co.* v. *American Mut. Liability Ins. Co.,* 386 F. Supp. 440 (1974); *Wendel* v. *Swanberg,* 185 N.W.2d 348 (1971). De esta forma evitamos que livianamente, por tecnicismos inconsecuentes, los asegurados pierdan los beneficios por los cuales pagaron.

■ Por otro lado, no puede alegarse perjuicio cuando el asegurador tuvo conocimiento de la pendencia de la reclamación y como consecuencia, se familiarizó con el caso en ocasión de representar a un codemandado. Véanse: *Johnson* v. *Banner Mutual Insurance Company,* 189 N.E.2d 780 (1963); *Krutsinger* v. *Illinois Casualty Company,* 141 N.E.2d 16 (1957); *Hartford Acc. & Indem.* v. *Pa. Nat. Mut. Cas.,* 428 N.Y.S.2d 286 (1980). Véase además *Pitrowski* v. *Taylor,* 201 N.W.2d 52 (1972). En esas circunstancias, el principio de la buena fe le impide presentar exitosamente la defensa de que el asegurado no le suministró los documentos del litigio. Véase el Art. 1210 del Código Civil, 31 L.P.R.A. sec. 3375.

■ En casos donde un asegurador ha incumplido su obligación de representar al asegurado, la concesión de costas y honorarios incurridos en la litigación por el asegurado es remedio adecuado. 7C *Appleman, op. cit.,* Sec. 4691, pág. 239, y casos allí citados. La procedencia del reembolso dependerá de

si el asegurador se ha rehusado a cumplir sus deberes bajo la póliza. Íd. El rechazo a tal solicitud es susceptible de configurarse aun antes de iniciarse el litigio. En la dinámica subyacente en este tipo de relación, resolvemos que el silencio de un asegurador a una legítima petición de asumir la representación legal debe interpretarse como un rechazo. *Cf.* J. Puig Brutau, *Fundamentos de Derecho Civil,* 2da ed., Barcelona, Ed. Bosch, 1978, T. II, Vol. 1, págs. 61–65.

Por los fundamentos expuestos, *se dictará sentencia para contestar en la afirmativa todas las interrogantes certificadas.*