MUNICIPALITY OF SAN JUAN, Third Party Plaintiff, Appellant,

v.

GREAT AMERICAN INSURANCE COMPANY, Third Party Defendant, Appellee.

No. 85–1145.

United States Court of Appeals, First Circuit.

Argued Oct. 9, 1986.

Decided March 12, 1987.

Lawrence E. Duffy, San Juan, P.R., was on brief, for third party plaintiff, appellant.

Iván M. Fernández with whom Falcón & Fernández, Hato Rey, P.R., was on brief, for third party defendant, appellee.

Before BOWNES, TORRUELLA and TIMBERS,* Circuit Judges.

TORRUELLA, Circuit Judge.

This case concerns the duty of an insurer to defend an insured. Because the resolution of the controversy depended upon unsettled questions of Puerto Rico law, we certified these questions to the Supreme Court of Puerto Rico.[1] Having received that court's certification opinion, which we include as an appendix to this opinion, we now issue our decision reversing the district court.

I. *The Controversy*

On April 29, 1973, Mr. John Hawes was trampled by a horse while attending an equestrian event at Hiram Bithorn Stadium in San Juan, Puerto Rico. In June 1973 Hawes sent the Mayor of San Juan a certified letter notifying the municipality of the

---

* Of the Second Circuit, sitting by designation.

1. We certified the following questions to the Puerto Rico Supreme Court:

(1) Is prejudice necessary to relieve an insurer from its contractual duty to defend an insured when the latter has breached a condition precedent requiring the prompt forwarding of summons to the insurer?

(2) If so, does an insurer's knowledge that a complaint has been filed against the insured preclude a finding of prejudice to the insurer?

(3) Assuming there has been a breach of the insurer's contractual duty to defend, is reimbursement of attorneys' fees spent by the insured an appropriate remedy?

(4) If so, is reimbursement dependent upon the insurer's refusal to defend the insured?

(5) If so, does the conduct of the insurer in not promptly notifying insured of the former's willingness to defend amount to a refusal to defend?

accident and the impending claim pursuant to Article 96 of Puerto Rico's Municipal Law, 21 L.P.R.A. § 1603. Shortly thereafter, on July 3, 1973, appellant Municipality of San Juan notified its insurance carrier, appellee Great American Insurance Company (Great American), of the Hawes claim and also requested that Great American assume the Municipality's legal representation in the case. While Great American did not deny San Juan's request that it assume legal representation, neither did it respond to the request. Thereupon San Juan hired outside counsel to handle its legal representation in the Hawes case.

A suit by Hawes against San Juan followed on April 17, 1974. San Juan forwarded service of process and other pertinent papers to the attorneys it had hired, but not to Great American, as required by the policy. Approximately three years later, Great American received suit papers from San Juan when the latter filed a third-party complaint against the insurer. It appears, however, that 1977 was not the first time that Great American had received notice of a suit filed by Hawes against San Juan since the insurer represented a codefendant in the same litigation. On February 24, 1981, Great American agreed to provide coverage and legal representation to San Juan.[2] Nevertheless, Great American refused to reimburse San Juan for attorneys' fees spent between 1973 and 1981. The district court denied reimbursement on the ground that the Municipality had failed to promptly forward the summons to Great American, an explicit condition precedent for the insurer's compliance with the policy. This appeal ensued.

## II. *The Insurer's Duty to Defend*

█ It is settled in Puerto Rico that an insured's breach of a condition precedent requiring cooperation with the insurer does not relieve the latter from liability unless the insurer has suffered material and substantial prejudice therefrom. *Cuebas v.*

**2.** Great American does not dispute that it had a contractual duty to defend the Municipality

*PRAICO*, 85 P.R.R. 601, (1962); *see also Valle v. Heirs of Wiscovitch*, 85 P.R.R. 84 (1963). In the court below Great American did not allege any prejudice from the Municipality's delay in forwarding the complaint and summons to the insurer. Moreover, Great American received notice of the occurrence in 1973, allowing it to carry out a prompt investigation of the case. Thus *Cuebas* could be read as having imposed upon Great American the duty to defend the Municipality in the instant case.

The Supreme Court of Puerto Rico so instructed in its certification opinion to this court. The Supreme Court stated, first, that "the insured's failure to comply must cause prejudice to the insurer in order that the latter be relieved from its duty to represent the insured." *Municipality of San Juan v. Great American Insurance Co.*, No. CE–86–31 (June 30, 1986) (Appendix). The Court then stated that "no prejudice can be alleged if the insurer had knowledge of the pending of the claim and, hence, was familiar with the case in order to represent a codefendant therein." *Id.* Accordingly, under Puerto Rican law Great American was not prejudiced by the Municipality's lapse and therefore was not relieved of its duty to defend.

## III. *Remedy for Breach*

█ The Supreme Court of Puerto Rico also answered the remaining questions necessary for the disposition of this case. First, Great American's failure to promptly notify the Municipality of the insurer's willingness to defend amounted to a refusal to defend and, thus, a breach of the duty to defend. *See id.* And second, the appropriate remedy for this breach is "the award of costs and attorneys fees incurred in litigation by the insured." *Id.*

## IV. *Conclusion*

In summary, Great American breached its duty to defend the Municipality. As remedy for that breach, the Municipality is entitled to costs and attorneys fees. The

against Hawes.

decision below is *reversed*. This case is *remanded* for determination of costs and attorneys fees to be awarded to the Municipality.

## APPENDIX

### IN THE SUPREME COURT OF PUERTO RICO

Certification

No. CE–86–31

June 30, 1986

MR. JUSTICE NEGRON GARCIA delivered the opinion of the Court.

### I

On April 27, 1973, while participating in a horseback riding event, John Hawes was trampled over by a horse in the Hiram Bithorn Stadium in San Juan. In June, he sent to the Mayor of San Juan a certified letter notifying the Municipality of the accident and of the fact that a claim was going to be filed.[1] On July 3, the Municipality notified the claim to its insurer Great American Insurance Company, and requested it to assume the legal representation of the Municipality in this claim. Great American took no action over the petition. Consequently, the Municipality used the services of a private law office.

On April 17, 1974, Hawes sued the Municipality before the United States District Court for the District of Puerto Rico. The Municipality forwarded to its attorneys all the documents related with the case but did not forward the documents to the insurer as provided in the insurer's policy.[2]

Approximately three years later, Great American received the documents regarding the case when the Municipality included it as third-party defendant. However, this was not the first time that Great American had known about the Hawes suit against the Municipality. Apparently the *insurer had knowledge of the same because it was representing another codefendant in that case.* On February 24, 1981, Great American agreed to furnish legal representation to the Municipality of San Juan and coverage thereupon. However, it refused to reimburse the attorney's fees incurred from 1973 to 1981.

The Federal District Court refused to order the reimbursement. It grounded its decision on the fact that the Municipality had failed to comply with the condition of forwarding the documents related to the litigation to Great American. This decision was appealed and is pending decision before the Court of Appeals of the First Circuit.

Through certification of said court we answered the following questions:

(1) Is prejudice necessary to relieve an insurer from its contractual duty to defend an insured when the latter has breached a condition precedent requiring the prompt forwarding of summons to the insurer?

(2) If so, does an insurer's knowledge that a complaint has been filed against the insured preclude a finding of prejudice to the insurer?

(3) Assuming there has been a breach of the insurer's contractual duty to de-

---

**1.** In compliance with the provisions of art. 96, Municipal Law of 1960, equivalent to art. 11.03 of the present Law, 21 L.P.R.A. § 3403.

**2.** Insofar as pertinent, the policy provided:

"4. INSURED'S DUTIES IN THE EVENT OF OCCURRENCE, CLAIM OR SUIT

"(a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and t h e names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable....

"(b) *If claim is made or suit is brought against the insured, the insured shall immedi-*

*ately forward to the company every demand, notice, summons or other process received by him or his representative.*

"(c) The insured shall cooperate with the company....

"5. ACTION AGAINST COMPANY

"No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company." (Underscore supplied.)

fend, is reimbursement of attorney's fees spent by the insured an appropriate remedy?

(4) If so, is reimbursement dependent upon the insurer's refusal to defend the insured?

(5) If so, does the conduct of the insurer in not promptly notifying insured of the former's willingness to defend amount to a refusal to defend?

## II

We have held that the insurance field is governed by the Insurance Code, Act No. 77 of June 19, 1957 (26 L.P.R.A. § 101 *et seq.*), insofar as the Civil Code operates as supplementary law.[3] *Serrano Ramírez v. Clínica Perea, Inc.*, 108 D.P.R. 477, 481–482 (1979). Following this fact, the practice of this Court has been to use the most advanced rules in North American law and civil law. *Cf. Serrano, supra* at 486–487. But we must highlight the fact that our insurance rules come from different law systems. *Casanova v. P.R.-Amer. Ins. Co.*, 106 D.P.R. 689, 693 (1978). In the proper occasions it is convenient to resort to those law systems in search of guidance with this in mind, let us concentrate in the certified issue.

Puerto Rican case law has established that the insured's failure to comply with a condition of the policy requiring cooperation with the insurer, absent prejudice, does not release the insurer from liability. *Cuebas v. Porto Rican & American Ins. Co.*, 85 P.R.R. 601 (1962); *Valle v. Heirs of Wiscovitch*, 88 P.R.R. 84 (1963); *Lafontaine v. Municipality*, 79 P.R.R. 548 (1956); *Landol v. Colón*, 78 P.R.R. 572 (1955); *Faulkner v. Nieves*, 76 P.R.R. 407 (1954). We have reached a similar decision with regard to the insurer's duty to represent the insured before the courts whenever the latter has not complied with his duty to serve prompt notice. *Molina v. Ruiz*, 113 D.P.R. 287 (1982).

However, we had not dealt with the specific situation raised in this certification.

As the Court of Appeals correctly points out, all our decisions deal with the *coverage* and not with the duty to represent in litigation. Our pronouncements up to now have established that in order to sidestep its liability under policy coverage the insurer must show prejudice. Great American, however, is not refusing coverage. Neither has it refused to represent the Municipality after 1981. The only thing it refuses to do is to reimburse the Municipality the attorney's fees incurred during the time the Municipality was forced to get legal services from a private law office. The issues certified are proper.

## III

The obligation to furnish the insurer with the documents of the litigation is an intermediate duty between giving notice and cooperating. 8 Appleman, *Insurance Law and Practice*, sec. 4740, at 112. There is a conceptual and spiritual equivalence between both duties that claim a like judicial viewpoint. Hence, we logically decide that the insured's failure to comply must cause prejudice to the insurer in order that the latter be relieved from its duty to represent the insured. See: *Frank v. Nash* [166 Pa.Super. 476], 71 A.2d 835 (1950); *Miller v. Marcantel*, 221 So.2d 557 (1969); *Western Chain Co. v. American Mutual Liability Ins. Co.*, 386 F.Supp. 440 (1974); *Wendel v. Swanberg* [384 Mich. 468], 185 N.W.2d 348 (1971). In this way we may prevent that, due to unfounded reasons, the insureds lose the benefits they have paid for.

On the other hand, no prejudice can be alleged if the insurer had knowledge of the pendency of the claim, and, hence, was familiar with the case in order to represent a codefendant therein. See, *Johnson v. Banner Mutual Insurance Co.* [40 Ill. App.2d 417], 189 N.E.2d 780 (1963); *Krutsinger v. Illinois Casualty Company*, [10 Ill.2d 518], 141 N.E.2d 16 (1957); *Hartford Acc. & Indem. v. Pa. Nat. Mut. Cas.*, [75 A.D.2d 883], 428 N.Y.S.2d 286 (1980). See also: *Pitrowski v. Taylor*, [55 Wis.2d 615], 201 N.W.2d 52 (1972). In these circum-

---

**3.** The aforecited Act No. 77 repealed the articles of the Commerce Code that had to do with this contract.

stances, the principle of good faith bars it from successfully raising the defense that the insured failed to furnish it with the documents of the suit. See: Art. 1210 of the Civil Code, 31 L.P.R.A. § 3375.

In cases where an insurer has failed to comply with its duty to represent an insured, the adequate remedy is the award of costs and attorney's fees incurred in the litigation by the insured. 7C Appleman, *op. cit.,* sec. 4691, and cases cited thereunder. Reimbursement shall be proper depending on whether the insured has refused to comply with its duties under the policy. *Id.* Refusal to comply with such a petition is susceptible to be configured even before the suit is commenced. In the dynamics underlying this type of relationship, we decide that the insurer's silence before a legitimate petition to assume legal representation must be construed as a rejection. *Cf.* II–1 Puig Brutau, *Fundamentos de Derecho Civil* 61–65 (2d ed. 1978).

In view of the foregoing, judgment shall be rendered answering in the affirmative all the certified questions.