*1111 TEXTO COMPLETO DE LA SENTENCIA
El Sr. Luis Rivera Siaca (en lo sucesivo "el apelante o el asegurado"), nos solicita que revisemos y revoquemos una Sentencia Parcial dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, el día 8 de octubre de 1997. Mediante la misma, se desestimó la acción presentada contra la aseguradora American International Insurance Company (American).
Por los fundamentos que exponemos a continuación, confirmamos el dictamen apelado.
I
Los hechos que configuran el presente pleito son los siguientes:
El 1 de mayo de 1984, la Sra. Frances Quiñones del Castillo (en lo sucesivo "la Sra. Quiñones"), sufrió una caída mientras trabajaba, al bajar por las escaleras de un edificio propiedad del apelante y/o Empresas Luis Rivera Siaca. Como consecuencia de dicha caída, ésta radicó demanda en daños y perjuicios.
Luego de varios trámites ante la Corporación del Fondo del Seguro del Estado, y reanudados los procedimientos judiciales, la Sra. Quiñones envió un Interrogatorio a los co-demandados, American y el apelante el 13 de diciembre de 1994. Por no haber recibido contestación al mismo, el 7 de febrero de 1995, la Sra. Quiñones radicó moción solicitando se ordenara la contestación del mismo. El 14 de marzo de 1995 se solicitó una prórroga de treinta (30) días para contestar dichos interrogatorios, la cual fue concedida bajo apercibimiento de sanciones si no se respondía oportunamente.
Así las cosas, la Sra. Quiñones radicó una moción bajo la Regla 34.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 34.2; solicitando la imposición de sanciones al apelante por su incumplimiento. Por tal motivo, el Tribunal de Primera Instancia impuso sanciones a favor de la Sra. Quiñones por la cantidad de $300.00, y se concedió un plazo final de cinco (5) días para contestar el Interrogatorio, so pena de sanciones adicionales de $150.00 por cada día que transcurriera sin que se contestara el Interrogatorio.
El tribunal apelado dio por probado que tanto el personal de American, como la Leda. Nereida Salvá, quien fuera abogada del apelante, realizaron un sinnúmero de intentos para comunicarse con él. Sin embargo, fue imposible obtener la información y cooperación necesaria del asegurado para contestar el Interrogatorio. Todos los intentos resultaron infructuosos, según pudo constatar el tribunal de la amplia documentación acreditativa suministrada por American, la cual no fue refutada por las partes.
Posteriormente, la Leda. Nereida Salvá radicó una moción solicitando el relevo de la representación legal del apelante. El Tribunal de Primera Instancia declcró la misma Con Lugar. Luego de otros incidentes procesales, American solicitó la desestimación de la demanda en su contra basándose, esencialmente, en la total falta de cooperación de su asegurado, el aquí apelante. La Sra. Quiñones se opuso a dicha moción, pero el foro apelado declaró Con Lugar la "Moción de Desestimación" presentada por American. Inconforme, la Sra. Quiñones radicó "Moción de Reconsideración" el día 17 de octubre de 1997, la cual fue declarada Sin Lugar el día 27 de octubre de 1997. Por su parte, el asegurado presentó el 20 de octubre de 1997 una "Moción Solicitando Determinaciones Adicionales de Hecho y de Derecho". Esta última fue declarada Sin Lugar el 23 de octubre del mismo año.
II
La parte apelante, el asegurado, plantea que: "Erró el Tribunal de Primera Instancia al determinar que no existía un deber de defensa ni un deber de cubierta por parte de la aseguradora toda vez que la aseguradora no ha demostrado que ha sufrido un perjuicio sustancial o material como resultado de la no cooperación del asegurado."
Encontrándonos en posición de resolver, así lo hacemos. Veamos.
m
El contrato o póliza de responsabilidad pública que otorga un asegurado con su aseguradora es la *1112 fuente obligacional por la aseguradora responder por los actos negligentes de su asegurado. La relación contractual habida es el único medio que justifica el que se demande y emplace a una aseguradora, además, de al asegurado. No hay duda de que la póliza constituye la ley que se ha de guardar y cumplir en las cuestiones que suijan entre el asegurado y el asegurador.
En tomo a este tema, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:
"Siendo válidas las condiciones impuestas al asegurado por el contrato de seguro de notificar cualquier accidente, reclamación o pleito en su contra y de prestar ayuda y cooperación a su aseguradora, el incumplimiento por el asegurado de tales condiciones generalmente impide que pueda obtenerse indemnización del asegurador." Faulkner v. Nieves, 76 D.P.R. 434, 438 (1954); Buxó v. Aetna Casualty and Surety Co., 48 D.P.R. 187 (1935).
El incumplimiento del asegurado de su obligación bajo la póliza de seguros de cooperar con el asegurador o de suministrar los documentos pertinentes a un litigio al asegurador, sólo releva a éste de su deber de representar al asegurado si tal incumplimiento causa perjurio al asegurador. PFZ Properties, Inc. v. General Accident Insurance Company, _ D.P.R. _, 94 J.T.S. 116; Municipio de San Juan v. Great Ame. Ins. Co., 117 D.P.R. 632 (1986).
En el presente caso, la parte apelada asumió una actitud de dejadez y falta de cumplimiento hacia las órdenes emitidas por el tribunal desde el comienzo del pleito. A tono con esto, también, quebrantó la relación fiduciaria habida entre asegurador y asegurado.
El apelante no cumplió con el deber contractual y fiduciario de cooperar con su aseguradora y por consiguiente, con sus abogados, en todo lo relacionado con el presente litigio. Su falta de interés al no proporcionar a su aseguradora la información y documentación necesaria para responder a un interrogatorio enviado hacía más de un año, provocó en American un grave estado de indefensión. Dicha actuación fue severamente amonestada por el Tribunal de Primera Instancia y provocó la imposición de sanciones. (Enfasis nuestro.)
Sobre las cláusulas de cooperación contenidas en los contratos de seguros, podemos decir que éstas tienen como propósito el proveer una oportunidad al asegurador de prepararse para enfrentar cualquier reclamación o para determinar si tiene una defensa genuina, Cuevas Fernández v. P.R. American Ins. Co., 85 D.P.R. 626, 638 (1962) Además, se ha expresado que:
"... persigue proteger el interés de la aseguradora, tiende a evitar la colusión entre el asegurado y un lesionado, fraude y también la negativa del asegurado a ejecutar algún acto. Su violación por el asegurado releva al asegurador de responsabilidad." 8 Appleman, Insurance Law and Practice, Sec. 4771-4772, págs. 213-215 (1981); Cooperativa de Seguros Múltiples v. Lugo Torres, _ D.P.R. _ (1994); 94 J.T.S. 77, a la pág. 11987.
Correctamente, el tribunal apelado detérmino que las actuaciones del apelante, consistentes en incumplir con su deber de cooperación, fueron suficientes para justificar el relevo de representación legal de sus abogados el 23 de febrero de 1996. Evidentemente, procedía desestimar la acción incoada en cuanto a la aseguradora American.
Sabido es que, en ausencia de error manifiesto, pasión, pequicio o parcialidad, un tribunal apelativo no debe intervenir con las determinaciones de hecho y adjudicación de credibilidad que hace el juzgador de los hechos. Quiñones López v. Manzano Pozas, _ D.P.R. _ (1996); 96 J.T.S. 95, a la pág. 1305. Además, no encontramos razones válidas para intervenir con la determinación realizada por el Tribunal de Primera Instancia, ya que, como hemos dicho, la falta de cooperación por parte del asegurado fue ampliamente demostrada al foro apelado, por lo que procede confirmar el dictamen.
IV
Por los fundamentos previamente expresados, confirmamos la sentencia parcial apelada.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.