**CH PROPERTIES, INC., Plaintiff,**

v.

**FIRST AMERICAN TITLE INSURANCE COMPANY,**
**Defendant.**

**CIVIL NO. 13-1354 (FAB)**

United States District Court,
D. Puerto Rico.

Signed October 4, 2016

---

Jose A. Andreu-Fuentes, Andreu & Sagardia Law Office, Nelson N. Cordova-Mórales, Cordova Morales Law Offices, Pedro J. Lopez-Bergollo, Andreu & Sagardia, San Juan, PR, for Plaintiff.

Ricardo F. Casellas, Casellas, Alcover & Burgos PSC, San Juan, PR, Carla S. Loubriel, Hato Rey, PR, for Defendant.

## MEMORANDUM AND ORDER

FRANCISCO A. BESOSA, United States District Judge

Before the Court is plaintiff CH Properties, Inc. ("CH Properties")'s "Motion for Order Regarding CH Properties' Entitlement to Costs and Fees for Successfully Establishing Defendants' Breach of the Duty to Defend." (Docket No. 123.) Having considered that motion, as well as defen-

dant First American Title Insurance Company ("FATIC")'s opposition, (Docket No. 125), the Court **GRANTS** plaintiff's motion.

## I. BACKGROUND

In 2002, CH Properties acquired leasing rights over a 5.0-cuerda track of land located in Isla Verde, Puerto Rico. (Docket No. 1–1.) As a part of this transaction, FATIC issued a title insurance policy in favor of CH Properties. Id. at p. 2. In 2005, various parties filed lawsuits in the Commonwealth Court of Puerto Rico (collectively, "the State Court Actions") alleging that the lease agreement was invalid and should, therefore, be declared null and void. Id. at pp. 3–4. Additionally, in 2007, a lawsuit was filed in this Court ("the Federal Court Action"). Id. at p. 4.

After becoming aware of the existence of FATIC's Leasehold Owner's Title Insurance Policy ("Owner's Policy") in 2009, CH Properties sought reimbursement from FATIC for the legal costs that it had already paid in defending the State Court and Federal Court actions. Id. It also requested prospective legal representation in that ongoing litigation. Id. Although it agreed to prospective legal defense and coverage in the State Court Actions, FATIC denied legal representation in the Federal Court Action and any reimbursement of the legal fees incurred in the State Court Actions. Id.

Consequently, CH Properties filed suit against FATIC alleging breach of contract and damages. (Docket No. 1–1.) CH Properties claimed that, pursuant to the Owner's Policy, FATIC had a duty to provide legal representation and coverage in both the State Court and Federal Court actions. Id. at p. 5. FATIC, in response, denied its obligation to provide legal representation in the State Court Actions because CH Properties failed to provide a timely notice of those legal claims against it. (Docket No. 8 at p. 3.) Additionally, FATIC asserted that it did not have a responsibility to provide legal defense and coverage in the Federal Court Action because the claim did not affect CH Properties' lease title. Id. at 4. At summary judgment, the Court held that CH Properties' late notice did not cause any prejudice to FATIC, and that FATIC therefore remained contractually obligated to reimburse CH Properties for the defense costs that it had incurred in the State Court Actions. (Docket No. 92 at p. 31.) The Court denied CH Properties' claim in the Federal Court Action, however, because its allegations did not constitute a "claim adverse to the title". Id. at 38.

Even though the Court ordered the reimbursement of the attorney's fees incurred in the State Court Actions, it reserved judgment on the exact sum that was owed to CH Properties. Id. at p. 32 n. 19. After both parties submitted briefs on the reasonableness and appropriateness of those fees, the Court found that CH Properties was entitled to compensation in the amount of $207,258.78. (Docket No. 122 at p. 15.) Shortly after, on September 5, 2016, CH Properties submitted a motion seeking additional "costs and fees for successfully establishing defendant's breach of the duty to defend." (Docket No. 123.) The essential issue before the Court is whether CH Properties is in fact entitled to that extra compensation.

## II. Discussion

CH Properties claims that, in addition to being reimbursed for its legal expenses incurred in defending the State Court Actions, it is also entitled to the attorney's fees and costs associated with the subsequent coverage litigation that established FATIC's breach of its duty to defend. (Docket No. 123.) FATIC opposes this request for additional compensation and ad-

vances three main arguments in support of its position. Specifically, FATIC contends that additional fees and costs should not be awarded because: (1) CH Properties waived its right to that reimbursement by failing to include that claim as part of its motion for summary judgment, (2) the Court did not actually rule that FATIC breached its contract with CH Properties, and (3) CH Properties was not the "prevailing party" in this case. (Docket No. 125.)

## A. Insureds Are Entitled to Subsequent Coverage Litigation Costs Pursuant to Puerto Rico Law

▪ As a preliminary matter, when a district court obtains jurisdiction pursuant to diversity of citizenship, state law governs issues of attorney's fees and costs. Navarro de Cosme v. Hospital Pavia, 922 F.2d 926, 934 (1st Cir. 1991). Consequently, in order to determine if CH Properties is entitled to further compensation in this case, the Court must look to the content of Puerto Rico law.

▪ The Supreme Court of Puerto Rico has made clear that, in cases where an insurer has failed to comply with its duty to represent an insured, "the appropriate remedy is the award of costs and attorney's fees incurred in the litigation by the insured."[1] Municipality of San Juan v. Great Am. Ins. Co., 813 F.2d 520, 521 (1st Cir. 1987) (internal quotations omitted). Puerto Rico law does not, however, specify whether that award of costs and fees includes expenses incurred by the insured in

establishing, through subsequent coverage litigation, that the insurer breached its duty to defend. Although this is an unsettled issue of Puerto Rico law, the Court finds that there is a relative consensus on this matter in other jurisdictions. This consensus allows the Court to predict that the Puerto Rico Supreme Court would hold that insureds are indeed entitled to reimbursement for legal expenses incurred in establishing breach of the insurer's duty to defend.

### i. Insureds Are Typically Entitled to Subsequent Coverage Litigation Costs In Other Jurisdictions

A survey of legal authority from various state jurisdictions reveals that it is a common approach to award the insured attorney's fees and costs incurred in any litigation undertaken to establish the insurer's breach of its duty to defend. See, e.g., Empire Fire & Marine Ins. Co. v. N. Pac. Ins. Co., 127 Idaho 716, 905 P.2d 1025, 1028 (1995); Litz v. State Farm Fire & Cas. Co., 346 Md. 217, 695 A.2d 566, 573 (1997); Rubenstein v. Royal Ins. Co. of Am., 429 Mass. 355, 708 N.E.2d 639, 642 (1999); In re Silicone Implant Ins. Coverage Litig., 667 N.W.2d 405, 422 (Minn. 2003); Mountain W. Farm Bureau Mut. Ins. Co. v. Brewer, 69 P.3d 652, 655 (Mont. 2003); Olympic S.S. Co. v. Centennial Ins. Co., 117 Wash.2d 37, 811 P.2d 673, 681 (1991). Indeed, several leading treatises on insurance law have noted this trend. "In some jurisdictions, when an insurer breaches its duty to defend, in addition to

---

1. This remedy represents an exception to the general rules governing the award of costs and attorneys fees that normally apply in Commonwealth litigation. Pursuant to Puerto Rico law, costs are mandatorily awarded to the prevailing party. See Colondres Vélez v. Bayrón Vélez, 114 D.P.R. 833, 839 (1933). Attorney's fees, however, are only awarded if the Court concludes that a party has acted

"obstinately." See Sucn. Arroyo v. Municipio de Cabo Rojo, 81 D.P.R. 434, 438 (1959). In cases where an insurer breaches its duty to defend, however, these general rules do not apply. Rather, once an insurer's breach is established, the insured is entitled to all attorneys fees and costs incurred in the litigation. See Municipality of San Juan v. Great Am. Ins. Co., 813 F.2d 520, 521 (1st Cir. 1987).

defense costs incurred in defense against the claim, the insured is also entitled to recover attorneys' fees and costs expended to establish coverage." 14 Couch on Ins. § 205:85 (3d Ed. 2016); see also 3 New Appleman on Insurance Law § 17.07[4] (Library Edition 2015) ("In many jurisdictions, an insured that prevails in a declaratory judgment action and obtains a ruling that its insurer breached its duty to defend is entitled to an award of attorney's fees incurred in establishing the insurer's duty to defend, regardless whether the insurer acted in bad faith.")

In light of these sources, the Court believes that Commonwealth courts would, if given the opportunity to address this specific issue, conclude that an insurer that breaches its duty to defend must reimburse the insured not only for the fees and costs incurred in defending against the underlying damage claim, but also for the costs and fees expended in a subsequent declaratory judgment action to determine coverage and a duty to defend. Accordingly, CH Properties is entitled to receive the attorney's fees and costs that it shouldered in proving the existence and breach of FATIC's duty to defend in this case.

Having established that CH Properties is presumptively entitled to additional reimbursement pursuant to Puerto Rico law, the Court now turns to defendant FATIC'S arguments as to why that compensation should be denied in this specific case.

## B. Plaintiff's Request was Timely

FATIC claims that CH Properties waived its right to seek attorney's fees and costs for subsequent coverage litigation because it failed to assert that claim in its motion for summary judgment. (Docket No. 125 at pp. 2-6.) Citing federal case law, FATIC alleges that attorney's costs and fees constitute additional claims that should have been brought in earlier mo-

tions. Id. at p. 5. Because Commonwealth law governs issues of attorney's fees in this case, however, the Court must look to Puerto Rico law, and not federal law, to determine if CH Properties' request for this additional compensation was in fact timely.

■ Puerto Rico's Rules of Civil Procedure include specific provisions regarding the award of attorney's fees and costs. Rule 44.1(b) stipulates that the prevailing party has a ten day period after the rendering of a final judgment to claim attorney's fees and costs by filing a "memorandum of all necessary expense and disbursement items incurred during the action or proceeding." P.R. Laws Ann. tit. 32, Ap. III, § 44.1(a), (b). Here, the Court settled the issue of FATIC'S liability for the costs incurred by CH Properties in defending the State Court Actions at the summary judgment stage. (Docket No. 92 at p. 31.) It did not decide at that time, however, the exact amount of reimbursement that was owed to plaintiff, as genuine issues of fact remained regarding the "appropriateness of CH Properties' hiring of Attorney Pedro Rosario-Urdaz and the reasonableness of the fees paid to Andreu & Sagardía." (Id. at p. 48.) To resolve those issues, the Court held a status conference and ordered the parties to submit simultaneous briefs. On September 2, 2016, the Court provided a final resolution to the question of CH Properties' reimbursement by awarding it a fixed sum of $207,258.78 to cover the attorney's fees paid to Andreu & Sagardía Law Firm's attorneys, but not the fees paid to Attorney Rosario-Urdaz. (Docket No. 122.) Because the Court did not reserve further judgment on any issues, this case was effectively made final on that date. In accordance with Rule 44.1, CH Properties therefore had 10 days from September 2—i.e., until

September 12—to seek recovery of additional attorneys fees and costs associated with this litigation. Because it filed its motion for supplementary compensation on September 5, well within Rule 44.1's 10 day window, the Court finds that CH Properties' request was indeed timely pursuant to Puerto Rico law.

### C. FATIC was in Breach of its Contract with CH Properties

Next, FATIC claims that further reimbursement is not owed because the Court did not hold that it actually breached its duty to defend CH Properties. (Docket No. 125 at pp. 7-10.) This argument, however, is unavailing.

In its Opinion and Order dated September 9, 2014, the Court unambiguously found that FATIC's duty to defend CH Properties "was triggered as soon as the State Court Actions against CH Properties were filed in April 2005." (Docket No. 92 at p. 28.) FATIC did not comply with that duty, however, until it tendered prospective legal defense in those actions in 2009. Given that a breach of contract is defined simply as the "non-performance of any contractual duty of immediate performance," Restatement (First) of Contracts § 312 (Am. Law Inst. 1932), it is clear that FATIC's failure to defend CH Properties in the State Court Actions from 2005 to 2009 amounted to a breach of its duty to defend. That the Court did not include language specifically classifying FATIC's conduct as a "breach" of the Owner's Policy does not change this basic, intuitive conclusion.

### D. CH Properties Qualifies as a Prevailing Party

FATIC's third and final claim is that CH Properties is not entitled to additional attorney's fees and costs because, having succeeded on only one of its three claims brought pursuant to the Owner's Policy, it is not a "prevailing party" in this litigation. (Docket No. 125 at pp. 10-12.)

■ The law on this issue, however, is not as narrow and simplistic as FATIC would have the Court believe. As the United States Supreme Court has indicated, a prevailing party is any party who "succeed[s] on *any significant issue* in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (emphasis supplied). "The party's success cannot be a hollow victory; it must materially alter the litigants' legal relationship by modifying one party's behavior in a way that directly benefits the other." Maine Sch. Admin. Dist. No. 35 v. Mr. R., 321 F.3d 9, 15 (1st Cir. 2003). Therefore, "the change effected must be material; a purely technical or de minimis victory cannot confer prevailing party status." Id. Here, CH Properties was unsuccessful on both its indemnification claim and its claim for the reimbursement of all fees incurred in the Federal Court Action. Nevertheless, it successfully established that FATIC owed a duty to defend with respect to the State Court Actions, and that it was therefore entitled to reimbursement of all legal fees incurred before FATIC assumed its legal representation. This success was far from "purely technical," and the accompanying recovery—a substantial sum of $207,258.78—cannot be considered a "de minimis victory." The mere fact that CH Properties triumphed on only one claim is not, therefore, in itself sufficient to deprive CH Properties of prevailing party status.[2]

---

2.  In a last ditch effort to dodge further reimbursement, FATIC argues that the Court can only award CH Properties attorney's fees if it determines that FATIC acted obstinately.

## III. Conclusion

For the reasons articulated above, plaintiff CH Properties' motion for the reimbursement of attorney's fees and costs incurred in subsequent coverage litigation is **GRANTED**. (Docket No. 123.) **No later than October 11, 2016, CH Properties** must file a memorandum of attorney's fees and costs that is consistent with the requirements of the lodestar approach, which the First Circuit Court of Appeals has adopted as the "method of choice for calculating fee awards." See Matalon v. Hynnes, 806 F.3d 627, 638 (1st Cir. 2015)

**IT IS SO ORDERED.**

(Docket No. 125 at p. 12.) In making this claim, however, FATIC is relying on the general rule for awarding attorney's fees that traditionally applies in Commonwealth litigation. That rule, as discussed above in n.1, provides that attorney's fees are only awarded if the opposing party has acted obstinately. Because this case concerns an insurer's breach of its duty to defend, however, that rule is effectively supplanted here. In this type of case, the Puerto Rico Supreme Court has made clear that the appropriate remedy is always the award of both attorney's fees and costs. See Great American Insurance, 813 F.2d at 521. Thus, obstinacy simply does not factor into the Court's analysis here.