Walter Johnson and Robert Payton, Plaintiffs-Appel-
lees, v. Marie Samuels, Defendant-Appellee, v.
Banner Mutual Insurance Company, Garnishee-
Defendant-Appellant.

Gen. No. 48,909.

First District, First Division.

April 8, 1963.

Brody and Gore, and Robert B. Johnstone, of Chicago, for appellant.

David S. Minor, of Chicago, for appellees.

MR. JUSTICE MURPHY delivered the opinion of the court.

Garnishee-defendant, Banner Mutual Insurance Company, appeals from a $4,500 judgment entered against it as garnishee. The garnishment proceedings, founded on a default judgment, were brought under an automobile liability policy issued by Banner to defendant Marie Samuels. Banner denies liability under its policy, contending that its insured, defendant Marie Samuels, breached the "notice of claim or suit" provision of the policy, a condition precedent to any action against Banner as insurer.

The policy provides that "If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative." The policy also provides that such notice of suit is a condition precedent to any action against the insurance company. These are common provisions in insurance policies and have been repeatedly recognized by Illinois courts. Gregory for use of Cusimano v. Highway Ins. Co., 24 Ill App2d 285, 164 NE2d 297 (1960); Simmon v. Iowa Mut. Cas. Co., 3 Ill2d 318, 121 NE2d 509 (1954).

Banner received notice of the accident from the insured, but denies any notice of the suit until service of the garnishment summons on January 16, 1962, 60 days after the entry of the default judgment. Banner negotiated with the attorney for plaintiffs before the suit was filed, but asserts that he never informed Banner of the filing of the lawsuit.

From the record it is obvious that Marie Samuels herself made no attempt to comply with the "notice

418

of suit" provision, and plaintiffs do not contend that she did. Her testimony shows that the summons was served upon her in May, 1961, and that she did not forward it to Banner "because I felt that I was supposed to be the one suing. He [plaintiff Johnson] hit my car."

Plaintiffs contend that though there was no compliance with the "notice of suit" provision by the assured, Banner did receive "reasonable notice" of the suit and of the service of summons, sufficient to satisfy this policy provision.

The trial court considered testimony, exhibits, and arguments of counsel. It held that the "notice of suit" provision was satisfied, and entered judgment for plaintiffs, against Banner as the garnishee-defendant, for the sum of $4,500. It is from this judgment the appeal is taken.

The trial court's determination is based on a statement made in court by plaintiffs' attorney, to the effect that the attorney told a representative of Banner that "if [the claim] was not going to be settled that suit was going to be filed [since the statute of limitations] had about two weeks to run and I could not delay it." The court remarked: "I am letting Counsel testify, but where there is no contradictory testimony, I believe I can believe him: that he was representing the claimant and that he was going to file suit within two weeks—but it seems to me the company had plenty of notice. All right, I will find for the Plaintiff."

■ Taking the statement of plaintiffs' attorney at face value, for purposes of argument only, we cannot agree that such "notice of suit" constitutes reasonable compliance with the requirements of the insurance policy. At the most, such a statement would serve to inform the garnishee only that plaintiffs' attorney intended to file suit. Stated in the context of settlement negotiations, it might reasonably be thought

419

to say even less. Since the automobile collision took place in Maywood, Illinois, garnishee would be presented with the possibility of suit in any one of a number of courts in Cook County. Plaintiffs refer us to no Illinois case in which such minimum notice of suit has been held sufficient, nor do we find even dicta supporting this view in those Illinois cases, which have held the "notice of suit" requirement satisfied under the most permissive interpretations of an insured's duty to notify.

■ It is accepted in Illinois that an insured's failure to forward to his insurer process received by him does not preclude recovery on the policy when the insurer has, in fact, "actual notice" of suit. However, those cases so holding indicate that "actual notice" must be notice sufficient to permit the insurer to locate the suit and defend it. See, e. g., Krutsinger v. Illinois Cas. Co., 10 Ill App2d 344, 135 NE2d 180 (1956), affirmed at 10 Ill2d 518, 141 NE2d 16 (1957); Gregory for use of Cusimano v. Highway Ins. Co., 24 Ill App2d 285, 164 NE2d 297 (1960); Korch v. Indemnity Ins. Co., 329 Ill App 96, 67 NE2d 298 (1946); A-1 Cleaners & Dyers for use of Sheldon v. American Mut. Liability Ins. Co. of Boston, 307 Ill App 64, 30 NE2d 87 (1940). We find no element of waiver or estoppel in this case. We conclude, therefore, that the instant statement of plaintiffs' attorney, accepted by the court, was insufficient to constitute "actual notice" to Banner, so as to permit Banner to locate the suit and defend it.

■ Plaintiffs also contend that the garnishee received notice of the suit (1) through a telephone conversation with Marie Samuels, and (2) through an investigation by its employees in Maywood. With respect to the telephone conversation, Marie Samuels testified, when asked whether she discussed the summons with men from the insurance company, that "At one time I talked to a man over the telephone, but to

420

tell the truth I don't know whether he was from my insurance company or not." The record is completely silent as to when this telephone conversation took place—whether before or after the default was entered.

As to Banner's investigation in Maywood, also about the summons served on Marie Samuels, she stated that this conversation took place "quite some time after the accident. . . . It was months." When asked "Was that about the 19th of February, 1962, that is this year?" she replied, "Yes, about that time." This was corroborated by an adjuster employed by garnishee, who was identified by Marie Samuels as one of the two insurance men with whom she spoke. The adjuster, testifying on June 6, 1962, stated that he spoke with Marie Samuels "approximately three months ago, or four months ago." The adjuster admitted that his answer was approximate, but he placed the date of the conversation at about the same time stated by Marie Samuels, which was some months after the entry of the default judgment.

We conclude that the testimony as to these conversations could not reasonably support a finding that Banner received "actual notice" of the suit, and the record does not indicate that the finding of the trial court was based on these conversations.

For the reasons indicated, the judgment against the garnishee-defendant, Banner Mutual Insurance Company, is reversed.

Reversed.

BURMAN, P. J. and ENGLISH, J., concur.