EDWIN OLIVIERI, Plaintiff-Appellee, v. CORONET INSURANCE COM-
PANY, Defendant-Appellant.

First District (1st Division)    No. 86—0892

Opinion filed July 27, 1987.—Modified on denial of rehearing
September 19, 1988.

Fisch, Lansky & Greenburg, of Chicago (Janet L. Hermann, of counsel), for appellant.

Frank J. DiBella, of Chicago, for appellee.

JUSTICE MANNING delivered the opinion of the court:
Plaintiff, Edwin Olivieri, obtained a default judgment in the amount of $25,000 against Julius Tomlin in the circuit court of Cook

County. He subsequently brought a declaratory judgment action against Tomlin's insurer, Coronet Insurance Company, seeking to hold it liable for that judgment. Plaintiff moved for summary judgment. After a hearing, the trial court granted summary judgment for the plaintiff and held Coronet liable for the entire amount of the judgment. Coronet appeals, contending that the trial court erred in granting summary judgment for the plaintiff since (1) it had a viable policy defense based on its insured's breach of his notice-of-suit provision; (2) the pleadings raise a genuine issue of material fact; (3) the amount of the judgment was in excess of the insured's policy; and (4) plaintiff lacks standing to proceed directly against the insurer.

We affirm the decision of the trial court.

The facts pertinent to this appeal are as follows. On June 30, 1977, Edwin Olivieri and Julius Tomlin were involved in an automobile accident. On October 2, 1978, plaintiff's counsel sent a notice of attorney's lien to Coronet Insurance Company regarding a claim by plaintiff against its insured for injuries sustained in the accident. By a letter dated November 6, 1978, Coronet acknowledged receipt of the attorney's lien, indicated that it was investigating the accident, asked that it be forwarded "specials" as soon as they were available and requested that the plaintiff submit himself for an examination by a physician of Coronet's choice. On June 18, 1979, plaintiff filed a complaint at law against Julius Tomlin for the injuries he sustained in the automobile accident of June 30, 1977, and forwarded a copy of the complaint and summons to Coronet. On February 2, 1980, Julius Tomlin was served with alias summons, and a default judgment in the amount of $25,000 was entered against him on May 13, 1981.

Plaintiff filed a separate action for declaratory relief, seeking to hold Coronet liable for the full amount of the judgment. Coronet asserted as an affirmative defense that it was not liable to the plaintiff on the ground that its insured had breached his policy's notice-of-suit provision.

In August 1986, plaintiff filed a request to admit facts and genuineness of documents pursuant to Supreme Court Rule 216 (107 Ill. 2d R. 216) requesting Coronet to admit the following: (1) that Coronet had received plaintiff's counsel's notice of attorney's lien; (2) that it had sent a letter to plaintiff acknowledging receipt of the lien; and (3) that it received a copy of the complaint in the underlying action sent by plaintiff's counsel. Coronet never filed a response to the request to admit.

Plaintiff moved for summary judgment supported by Coronet's admissions pursuant to the request to admit facts. Coronet responded to

the motion, asserting that its insured's breach of his notice-of-suit provision precluded summary judgment. The trial court granted summary judgment in favor of the plaintiff, holding that the contract of insurance issued by Coronet to Julius Tomlin was a valid contract, obligating Coronet for the entire amount of the judgment.

A motion for summary judgment should only be granted when, in considering affidavits, depositions, admissions, exhibits and pleadings on file, and construing them strictly against the movant and in favor of the opponent, there is no genuine issue as to any material fact. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867.) When deciding a motion for summary judgment, the court considers the pleadings to determine the issues, and in so doing, it presupposes that the pleadings join the issue. (*Metropolitan Sanitary District v. Anthony Pontarelli & Sons, Inc.* (1972), 7 Ill. App. 3d 829, 839, 288 N.E.2d 905.) If a party moving for summary judgment supplies facts which, if not contradicted, would entitle such party to a judgment as a matter of law, the opposing party cannot rely on his unverified pleadings alone to raise issues of material fact. (*Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 380, 313 N.E.2d 457.) The summary judgment procedure is not intended to be used as a means of trying an issue of fact, but rather, as a means of determining whether there is an issue of fact to be tried. The moving party's right to summary judgment must be clear and determinable solely as a question of law. Facts, not conclusions, must be presented and the judge may not draw fact inferences. (*Lesser v. Village of Mundelein* (1975), 36 Ill. App. 3d 433, 437, 344 N.E.2d 29.) If reasonable men could draw different inferences from the facts presented, summary judgment should be denied. *McVey v. Discher* (1970), 122 Ill. App. 2d 408, 413, 259 N.E.2d 300.

Coronet contends on appeal that the trial court erred in granting summary judgment in favor of the plaintiff since it had a valid policy defense. It also maintains that the plaintiff lacks standing to maintain the present action and that Coronet could not be held liable for the entire amount of the judgment.

In the declaratory judgment action, plaintiff sought a declaration that the contract of insurance between Tomlin and Coronet was a valid and existing contract and that pursuant to the contract, Coronet was liable for the $25,000 judgment entered against its insured. Coronet acknowledged the existence of a contract of insurance, but argued that it was not obligated to pay a judgment rendered against an insured where there has been prejudicial noncompliance with the conditions of the insurance policy. It also never challenged the plaintiff's

standing to bring suit nor did it contest the extent of its alleged liability in the declarative suit. Now, for the first time on appeal, Coronet argues that these issues should have been considered by the trial court.

■■ Lack of standing in a civil case is an affirmative defense which if not raised in a timely fashion in the trial court is waived on appeal. (*Greer v. Illinois Housing Development Authority* (1988), 122 Ill. 2d 462, 508, 524 N.E.2d 561.) Since Coronet never contested the extent of its alleged liability at the trial level, that issue similarly has been waived. Thus, the only question we must consider is whether Tomlin's failure to comply with the provisions of the insurance policy relieved Coronet of its obligations under the insurance contract. Coronet maintains that pursuant to the terms of the policy, the insured was required to forward all summons and complaints served upon him arising out of the accident to the insurance company. It claims that Tomlin breached the contract of insurance by failing to comply with these provisions and that this breach was sufficient to bar recovery by the plaintiff on the policy. (The insurance policy was not introduced into evidence, but the plaintiff did not object to secondary evidence of the contents of this document.)

■■■ The purpose of a notice requirement is to enable the insurer to make a timely and thorough investigation of the facts and circumstances affecting the question and extent of liability. (*McLaughlin v. Attorneys' Title Guarantee Fund* (1978), 61 Ill. App. 3d 911, 917, 378 N.E.2d 355.) Such clauses have been interpreted as meaning that notice must be given within a reasonable time under the circumstances of each case. (*Rivota v. Kaplan* (1977), 49 Ill. App. 3d 910, 921, 364 N.E.2d 337.) Notice provided by the injured party is as good as notice supplied by the insured for the purpose of fulfilling the insured's obligation and is measured by the same standards as if it had been conveyed by the insured. (*Illinois Valley Minerals Corp. v. Royal-Globe Insurance Co.* (1979), 70 Ill. App. 3d 296, 301, 388 N.E.2d 253.) Generally, the question of what is reasonable notice is a question of fact to be decided by the jury, but if there is no controversy as to the facts, the question of reasonableness is for the judge to decide. (*Kenworthy v. Bituminous Casualty Corp.* (1975), 28 Ill. App. 3d 546, 548, 328 N.E.2d 588.) Prejudice to the insurer is a factor to be considered as to whether the notice is reasonable. *Rivota v. Kaplan* (1977), 49 Ill. App. 3d 910, 921, 364 N.E.2d 337.

■■ There is no dispute in the record that Coronet was aware of plaintiff's claim, and corresponded with plaintiff's counsel about the claim before suit was filed, and that it received a copy of the com-

plaint and summons at the time of filing. It contends, however, that because its insured failed to forward summons in compliance with the policy provisions it was denied the opportunity to appear and defend the suit. It is accepted in Illinois that an insured's failure to forward to his insurer process received by him does not preclude recovery on the policy where the insurer has "actual notice" of suit. (*Johnson v. Samuels* (1963), 40 Ill. App. 2d 417, 420, 189 N.E.2d 780.) "Actual notice" must be notice sufficient to permit the insurer to locate the suit and defend it. (*Keepers v. Powell* (1971), 131 Ill. App. 2d 423, 427, 268 N.E.2d 488; *Johnson v. Samuels* (1963), 40 Ill. App. 2d 417, 420, 189 N.E.2d 780.) We find that the facts here indicate that Coronet had been supplied with sufficient information to locate and defend the suit, and thus, had actual notice of the suit.

▆▆ Finally, Coronet contends that a material issue of fact exists as to why its insured did not provide it with notice of suit. This question becomes irrelevant once it is established that Coronet received notice from another source, since the notice is measured by the same standards as if it had been transmitted by the insured. *Illinois Valley Minerals Corp. v. Royal-Globe Insurance Co.* (1979), 70 Ill. App. 3d 296, 301, 388 N.E.2d 253.

The judgment of the trial court is affirmed.

Judgment affirmed.

QUINLAN and O'CONNOR, JJ., concur.