356

THE PEOPLE *ex rel.* NEIL F. HARTIGAN, Attorney General, State of Illinois, Plaintiff-Appellant, v. NORTHERN ILLINOIS MORTGAGE COMPANY, INC., *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—88—1786

Opinion filed June 29, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, So-

licitor General, and Valerie J. Peiler, Assistant Attorney General, of Chicago, of counsel), for appellant.

Pinderski & Pinderski, Ltd., of Palatine (Jerome W. Pinderski, Jr., and Paul C. Pinderski, of counsel), for appellees.

JUSTICE MANNING delivered the opinion of the court:

The sole issue presented for review is whether the circuit court erred when it granted summary judgment in favor of the defendants, Northern Illinois Mortgage Company, Inc. (Northern), and Rick Weir, an officer and director of the company. Plaintiff contends that there were genuine issues of material fact that precluded the entry of summary judgment. For the reasons stated below, we reverse the order of the circuit court and remand the cause for further proceedings.

Northern, an Illinois corporation, was engaged in the business of making, soliciting or obtaining borrowers or lenders for, or negotiating home mortgage loans in the State of Illinois. Northern was licensed as a mortgage banker pursuant to "An Act to Provide for the Regulation of Mortgage Bankers" (the Mortgage Banker's Act)[1] (Ill. Rev. Stat. 1985, ch. 17, par. 2301 *et seq.*).

On June 25, 1987, plaintiff filed a two-count complaint against the defendants. Count I alleges that defendant engaged in a course of conduct which constitutes unfair or deceptive practices and unfair methods of competition in violation of section 2 of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1985, ch. 121½, par. 262).

Specifically, count I of the complaint asserts that numerous consumers made application for new or refinanced home mortgage loans with Northern. Count I alleges *inter alia* that in the course of advertising, accepting and processing these applications, defendants: (1) charged consumers a nonrefundable application fee to defray the cost of services by third persons, but failed to disclose to the consumers that these services were solely to benefit the lender; (2) charged certain consumers a loan origination fee to guarantee, commit or "lock in" a loan at a certain interest rate plus points, but failed to lock in the loan at the agreed rate and points; (3) refused to refund fees; (4) furnished consumers with a "Good Faith Estimate of Settlement

---

[1]The Mortgage Banker's Act was repealed by Pub. Act 85—735, art. VI, §6—2, effective January 1, 1988, and Pub. Act 85—1209, art. II, §2—6, effective August 30, 1988. Commencing January 1, 1988, mortgage bankers are now regulated and governed by the "Residential Mortgage License Act of 1987" (Ill. Rev. Stat. 1987, ch. 17, par. 2321—1 *et seq.*).

Charges" which did not reflect the actual settlement charges; (5) represented to consumers that they were locked in at a certain rate; however, if the prevailing market rate dropped and upon payment of an additional fee, they could relock in at a lower rate; (6) represented to consumers that their loan would close promptly or within a reasonable period of time, but failed to either process and approve the loan applications or close the loans promptly or within the guarantee period; and (7) failed to disclose that they were acting as a broker and were not the lender or investor of funds.

Count II of the complaint realleges the paragraphs of count I and alleges therefore that defendants engaged in deceptive trade practices in violation of section 2 of the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1985, ch. 121½, par. 312).

On November 10, 1987, defendants served plaintiff with a request for admission of facts pursuant to Supreme Court Rule 216 (107 Ill. 2d R. 216). Plaintiff did not respond to the request or file any objections thereto. Thereafter, defendants filed a motion for summary judgment. They argued that plaintiff's admission of facts foreclosed any finding of violations as alleged in the complaint. The circuit court granted defendants' motion for summary judgment on May 17, 1988, from which order plaintiff has appealed.

■■ ■ We believe that the circuit court erred in entering summary judgment for defendants. A party is entitled to summary judgment only when the pleadings, depositions, and admissions on file show that there is no *genuine issue as to any material fact* and that the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c); *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867; *Olivieri v. Coronet Insurance Co.* (1988), 173 Ill. App. 3d 867, 870, 528 N.E.2d 986.) Summary judgment procedure is not intended to be used as a means of trying issues of fact, but rather, as a means of determining whether there are issues of fact to be tried. The movant's right to summary judgment must be clear and determinable solely as a question of law. *Olivieri*, 173 Ill. App. 3d at 870.

Plaintiff contends on appeal that the circuit court erred in granting summary judgment in favor of defendants because the facts which were deemed admitted and relied upon as the basis for the summary judgment have no relevance to the material issues of fact alleged in the complaint. Conversely, defendants asserted in their motion for summary judgment that the allegations of the complaint "in short state at best that Northern was a poor mortgage banker" and that the "actual facts admitted contradict each of these allegations."

Initially, we point out that neither party cites any law on point to support its position. Further, we find the briefs to be particularly non-responsive to the issue. In fact, the arguments which have been presented have little or no bearing on the narrow issue at hand. For instance, the issue here does not concern the effect of purported *res judicata* administrative decisions on judicial proceedings. Instead, we are concerned solely with the issue of whether or not summary judgment was appropriate in this case as a result of the admissions on file.

■ Supreme Court Rule 216(a) governs requests for admission of fact and provides:

> "A party may serve on any other party a written request for the admission by the latter of the truth of any specified relevant fact set forth in the request." (107 Ill. 2d R. 216(a).)

Rule 216(c) governs admission in the absence of denial and provides in relevant part that where the party fails to respond or object to the request, "[e]ach of the matters of fact *** of which admission is requested is admitted." 107 Ill. 2d R. 216(c).

As a result of plaintiff's failure to respond to defendants' request for admission of fact, it admitted the following facts:

1. The Commissioner of Savings and Loan Associations (Commissioner) is charged with the administration of the Mortgage Banker's Act.

2. Northern, as a mortgage banker, was governed by the Mortgage Banker's Act.

3. The Commissioner was charged with the duty of licensing Northern.

4. As part of his duties, the Commissioner had the responsibility to review and supervise the banking activities of Northern.

5. The Commissioner issued Northern its original license in 1986 and its renewal license in May 1987.

6. Prior to the issuance of the renewal license, the Commissioner reviews the activities of a mortgage banker to determine compliance with the Mortgage Banker's Act.

7. In issuing the renewal license, the Commissioner stated on the face of the renewal license that Northern was in full compliance with the Mortgage Banker's Act.

8. The Commissioner has not instituted proceedings to suspend or revoke Northern's license.

■ Although a trial court may properly find that a party's failure to respond to requests for admission of facts constitutes an admission

of those facts (see *Chapman v. Foggy* (1978), 59 Ill. App. 3d 552, 375 N.E.2d 865; see also *Homer G. Dickson & Co. v. Barraza* (1983), 115 Ill. App. 3d 5, 449 N.E.2d 990; *Bullock v. Adams* (1981), 102 Ill. App. 3d 379, 430 N.E.2d 534, *cert. denied* (1982), 457 U.S. 1134, 73 L. Ed. 2d 1351, 102 S. Ct. 2961), and warrants entry of judgment on the pleadings (see *City of Champaign v. Roseman* (1959), 15 Ill. 2d 363, 155 N.E.2d 889) or summary judgment (*Colwell Systems, Inc. v. Henson* (1983), 117 Ill. App. 3d 113, 452 N.E.2d 889), we believe that the facts admitted here did not warrant entry of summary judgment.

■ In the case at bar, the plaintiff's admissions merely established that Northern was issued a license and a renewal license by the Commissioner pursuant to the Mortgage Banker's Act. However, plaintiff's complaint does not allege that Northern was operating without a license. The complaint alleges that defendants were engaged in a course of conduct amounting to a pattern of unfair or deceptive acts or practices against certain consumers. None of the admissions establish demonstratively that Northern was or was not engaged in a course of conduct violative of the Consumer Fraud Act and Uniform Deceptive Practices Act. As a consequence, we are unable to conclude, after taking into consideration the allegations in the complaint and the admissions on file, that there is no genuine issue of material fact and that the defendants were entitled to judgment as a matter of law. In our opinion, the facts which were deemed admitted were insufficient to support the circuit court's grant of summary judgment and the issue still remains whether the defendants engaged in conduct which constituted deceptive trade practices.

However, we realize that our holding today may be construed as a presupposition that the plaintiff's cause of action against the defendants was proper. Therefore, for purposes of guidance for the trial court on remand, we will briefly comment on the argument indirectly raised by the parties. Both parties raise the implicit question of whether the mere existence of a license issued by the Commissioner conclusively establishes compliance by the licensed party with the Mortgage Banker's Act and precludes allegations of violations of any other State laws. Corollary questions arise as to the effect of an agency's stamp of approval during the licensing process and whether the Commissioner of a regulating agency and the Attorney General share exclusive, conflicting or overlapping jurisdiction to enforce laws applicable to mortgage bankers.

These concerns present questions of law. We believe they need to be addressed in the first instance by the circuit court on remand. The court below is in a better position to review the evidence, look into

the legislative history of the several acts, and receive testimony, legal memoranda and other materials to determine the intent of the legislature under these circumstances. The current law, *i.e.*, the Residential Mortgage License Act of 1987, is clearer on the subject and gives the Commissioner discretionary power to request the Attorney General "to issue an injunction to restrain any person from violating or continuing to violate *** [the] Section." (Ill. Rev. Stat. 1987, ch. 17, par. 2321—3(c).) Unfortunately, however, the law in effect for purposes of this appeal, *i.e.*, the Mortgage Banker's Act, is not so clearly defined. Consequently, the court on remand must address this question of law. If it determines that the Attorney General had no right under the circumstances to bring the cause of action, this suit must be dismissed. However, if the trial court finds that the suit was proper, it must then proceed with trial to determine the fact issues yet to be resolved.

For the foregoing reasons, we reverse the trial court's order granting summary judgment on behalf of the defendants and remand this cause for further proceedings not inconsistent with this opinion.

Reversed and remanded.

BUCKLEY, P.J., and CAMPBELL, J., concur.